William B. Aitchison
Ryan Lufkin
Traci Anderson
(*pro hac vice forthcoming*)
Public Safety Labor Group
PO Box 12070
Portland, OR, 97212
Tel. (866) 486-5556
Will@PSLGlawyers.com
Ryan@PSLGlawyers.com
Traci@PSLGlawyers.com

Chasid M. Sapolu
Sapolu Law Office
500 Ala Moana Blvd, Ste. 7400
Honolulu, HI, 96813
Phone Number: (808) 466-1520
Chasid@Sapolulaw.com
Attorneys for Plaintiff(s)

# UNITED STATES DISTRICT COURT

# DISTRICT OF HAWAII

| | |
|---|---|
| **ROBERT M. HAYSLIP**, on behalf of himself and other similarly situated individuals,<br><br>**Plaintiff(s),**<br><br>v.<br><br>**CITY AND COUNTY OF HONOLULU,**<br><br>**Defendant.** | Case No.<br><br>**COMPLAINT FOR VIOLATIONS OF THE FAIR LABOR STANDARDS ACT**<br><br>**COLLECTIVE ACTION - 29 U.S.C. § 216**<br>**Jury Trial Demand** |

## PRELIMINARY STATEMENT

1. Plaintiff(s) are or were employed by Defendant City and County of Honolulu ("Defendant" or "the City") and bring this action pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. Section 201 *et seq.* to recover unpaid overtime and other compensation, interest thereon, liquidated damages, costs of suit, reasonable attorney fees, and other relief.

2. This action arises from Defendant's failure to properly calculate the "regular rate" of pay used to calculate Plaintiff(s)' overtime compensation under the FLSA and/or its failure to pay overtime entirely and/or its failure to timely pay overtime.

## JURISDICTION AND VENUE

3. Jurisdiction of this action is conferred on this Court by 28 U.S.C. Section 1331 and 29 U.S.C. Section 216(b). This Court has subject matter jurisdiction pursuant to 29 U.S.C. Sections 207 *et seq*. Venue lies within this district pursuant to 28 U.S.C. Section 1391.

## PARTIES

4. Plaintiff(s) are current and former employees of Defendant. Plaintiff(s) are or were "employees" within the meaning of 29 U.S.C. Section 203(e) and entitled to the rights, protections, and benefits of the FLSA.

5. Defendant is a political subdivision of the State of Hawaii. Defendant is an "employer" within the meaning of 29 U.S.C. Section 203(d), an "enterprise" under 29 U.S.C. Section 203(r), and a "public agency" within the meaning of 29 U.S.C. Section 203(x). Defendant employs or employed the Plaintiff(s).

## COLLECTIVE ACTION

6. Plaintiff(s) bring this action on behalf of themselves and other similarly situated individuals who are or were non-exempt employees in Defendant's Emergency Services Department employed as Emergency Medical Technicians and/or Paramedics at any time during the three years preceding the filing of this action and were deprived of their complete statutorily required overtime compensation as described in this Complaint.

7. Defendant currently employs approximately 145 Paramedics in the classes of Mobile Emergency Care Specialists, (MECS) I, II and III, who primarily provide pre-hospital emergency medical care to injured and/or ill persons at the advanced life support level, among other duties.

8. Defendant currently employs approximately 78 Emergency Medical Technicians (EMTs) in the classes of Emergency Medical Technicians (EMT) I, II and III, who primarily provide basic life support services to injured and/or ill persons, assist Paramedics, drive ambulances and dispatch ambulances to respond to 911 calls, among other duties.

9. In addition to the current number of employed Paramedics and Emergency Medical Technicians, there are approximately 75 retired and/or separated Paramedics and/or Emergency Medical Technicians, for an approximate Class size in excess of 300 individuals.

10. Pursuant to 29 U.S.C. Sections 216(b) and 256, the named Plaintiff(s) have executed and hereby file with the Court their consents in writing to become party Plaintiff(s) in this action. (**Exhibit A**) When other similarly situated individuals join this action, their consents will be filed with the Court. The written consent forms identify each Plaintiff by name and reflect their intent to be a party to this lawsuit.

## FACTUAL ALLEGATIONS

11. Plaintiff(s) and all similarly situated individuals are or were non-exempt employees of Defendant during the three years preceding the filing of this action.

12. At all times relevant herein, Defendant required or suffered or permitted Plaintiff(s) to work overtime hours under 29 U.S.C. Section 207.

### The Regular Rate

13. At all times relevant herein, Defendant failed to properly calculate the "regular rate" of pay upon which the overtime compensation for Plaintiff(s) and all similarly situated individuals must be based under 29 U.S.C. Section 207(a).

14. Plaintiff(s) must be paid overtime based on a 40-hour work week. Plaintiff(s) do not have the "responsibility to engage in fire suppression" and do not qualify for any exception to the 40-hour workweek exemptions found in 29 U.S.C. Section 207(k).

15. Plaintiff(s) are entitled to compensation in addition to their hourly wage which must be included in the "regular rate" for purposes of calculating FLSA overtime.

16. Defendant has failed to include all required compensation earned by Plaintiff(s) when calculating the "regular rate" to be used in paying FLSA overtime resulting in monetary loss to Plaintiff(s).

### Failure to Pay Overtime

17. Defendant has failed to pay employees for work performed that qualifies as FLSA overtime.

18. From information and belief, Plaintiff(s) understand that failures to pay for FLSA overtime occur due to human and mechanical error through the use of multiple systems to track time.

## Failure to Timely Pay Overtime

19. Defendant has failed to pay overtime for work performed that qualifies as FLSA overtime within a timely manner.

20. Plaintiff(s) receive wages on regular pay days, twice monthly.

21. Defendant has failed to pay FLSA overtime by the regular pay day for the pay period in which the work was performed and, additionally, failed to pay FLSA overtime by the subsequent regular pay day.

22. From information and belief, Plaintiff(s) understand that failures to pay for FLSA overtime in a timely manner occur due to human and mechanical error through the use of multiple systems to track time.

## Liquidated Damages and Willfulness

23. Defendant's failure to properly calculate and/or pay and/or timely pay the overtime payments due Plaintiff(s) and all similarly situated individuals was neither reasonable nor in good faith.

24. Defendant's failure to properly calculate and/or pay and/or timely pay the overtime payments due Plaintiff(s) and all similarly-situated individuals was a willful violation of the FLSA.

## FIRST COUNT

**Violation of 29 U.S.C. Section 207(a)-The Failure To Properly Calculate The Regular Rate**

25. Plaintiff(s) incorporate by reference the above paragraphs as though set forth herein.

26. Defendant required, suffered or permitted Plaintiff(s) and all similarly situated individuals to work overtime, but failed to properly compensate

Plaintiff(s) and similarly-situated individuals at time and one-half the "regular rate" of pay.

27. Defendant's failure to compensate Plaintiff(s) and all similarly situated individuals as required by the FLSA was neither reasonable nor in good faith.

28. Defendant's failure to compensate Plaintiff(s) and all similarly situated individuals as required by the FLSA was a willful violation of the FLSA. Based on Defendant's willful violation of the FLSA, Plaintiff(s) and all similarly situated individuals are entitled to damages, liquidated damages, attorney's fees and costs as allowed by the FLSA for a period of three years immediately preceding the filing of this action.

29. The employment and work records for Plaintiff(s) and similarly situated individuals are in the exclusive possession, custody and control of the Defendant, and Plaintiff(s) are unable to state at this time the exact amounts owing to them. The Defendant is under a duty imposed by the FLSA, 29 U.S.C. Section 211(c), and the regulations of the United States Department of Labor, to maintain and preserve payroll and other employment records.

## SECOND COUNT

**Violation of 29 U.S.C. Section 207(a) – Failure To Pay Overtime**

30. Plaintiff(s) incorporate by reference paragraphs the above paragraphs as though set forth herein.

31. Defendant required, suffered or permitted Plaintiff(s) and all similarly situated individuals to work overtime, but failed to properly compensate Plaintiff(s) and similarly-situated individuals at time and one-half the "regular rate" of pay.

32. Defendant's failure to compensate Plaintiff(s) and all similarly situated individuals as required by the FLSA was neither reasonable nor in good faith.

33. Defendant's failure to compensate Plaintiff(s) and all similarly situated individuals as required by the FLSA was a willful violation of the FLSA. Based on Defendant's willful violation of the FLSA, Plaintiff(s) and all similarly situated individuals are entitled to damages, liquidated damages, attorney's fees and costs as allowed by the FLSA for a period of three years immediately preceding the filing of this action.

## THIRD COUNT

**Violation of 29 U.S.C. Section 207(a) – Failure To Timely Pay Overtime**

34. Plaintiff(s) incorporate by reference the above paragraphs as though set forth herein.

35. Defendant required, suffered or permitted Plaintiff(s) and all similarly situated individuals to work overtime, but failed to timely and properly compensate Plaintiff(s) and similarly-situated individuals at time and one-half the "regular rate" of pay.

36. Defendant's failure to compensate Plaintiff(s) required by the FLSA was neither reasonable nor in good faith.

37. Defendant's failure to compensate Plaintiff(s) as required by the FLSA was a willful violation of the FLSA. Based on Defendant's willful violation of the FLSA, Plaintiff(s) are entitled to damages, liquidated damages, attorney's fees and costs as allowed by the FLSA for a period of three years immediately preceding the filing of this action.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff(s) and all similarly situated individuals pray for judgment as follows:

1. Recovery of monetary damages in the form of unpaid overtime compensation, liquidated damages equal to the amount of unpaid overtime compensation, plus prejudgment and post-judgment interest;

2. A determination that Defendant willfully violated the FLSA thereby entitling Plaintiff(s) and all similarly situated individuals to recover monetary damages for a three-year period preceding the filing of this action;

3. A complete and accurate accounting of all compensation to which Plaintiff(s) and all similarly situated individuals are entitled;

4. For reasonable attorneys' fees pursuant to 29 U.S.C. Section 216(b);

5. For costs of suit incurred herein, and

6. For such other and further relief as the Court deems just and proper.

## JURY TRIAL DEMAND

Plaintiff(s) hereby demand a jury trial as provided by Rule 38(a) of the Federal Rules of Civil Procedure.

Dated: September 14, 2022                    Respectfully submitted,


                                             /s/CHASID M. SAPOLU_____
                                            By: Chasid M. Sapolu
                                            Attorney for Plaintiff(s)

**COMPLAINT FOR VIOLATIONS OF THE FAIR LABOR STANDARDS ACT**